## DECKER v. PACIFIC COAST S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. October 19, 1908.)

No. 1,564.

1. NAVIGABLE WATERS (§ 43\*)—RIGHTS OF OWNER OF SHORE LANDS IN ALASKA—WHARVES.

An owner of lands in Alaska which border on tidal waters has no title to the soil below high-water mark, and cannot enjoin the maintenance of a wharf or other structure in aid of navigation thereon, unless it prevents his own free access to the navigable waters.

[Ed. Note.—For other cases, see Navigable Waters, Dec. Dig. § 43.\*]

2. NAVIGABLE WATERS (§ 43\*)—EQUITABLE OWNER OF SHORE LANDS—CONVEYANCE OF LITTORAL RIGHTS.

An equitable owner or claimant of government lands in Alaska on the seashore may convey his littoral rights to an individual or corporation, to enable such grantee to erect and maintain a wharf for the benefit of commerce and navigation.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 256, 257; Dec. Dig. § 43.\*]

Appeal from the District Court of the United States for Division No. 1 of the District of Alaska.

This is an action brought by appellant against the Pacific Coast Steamship Company and John Johnston in the United States District Court for the District of Alaska, First Division, to abate a private nuisance, to wit, the erection and maintenance of buildings and a wharf between certain property and deep water in the town of Juneau, Alaska, described as block L, which premises, it is alleged in the complaint, abut on the waters of Gastineaux Channel at mean high tide, and against which premises the tide regularly ebbs and flows twice in 24 hours. In this property appellant is equally interested with said Johnston, who refused to join as plaintiff in the action and who was accordingly made defendant. It is alleged in the complaint that by the erection and maintenance of the buildings and wharf by the defendant corporation the plaintiff has been and will continue to be deprived of her right and prevented from wharfing out or maintaining a wharf in front of her premises, and prevented from access to deep water from her abutting premises. The prayer is that the buildings and wharf be declared to be a private nuisance and that the same be abated, and for damages in the sum of $1,000. Default was entered against defendant Johnston, who failed to appear.

The answer of appellee admitted the allegations of the complaint as to appellee's corporate existence, appellant's part ownership of the premises described in the complaint, and that the premises "abut on the waters of Gastineaux Channel at mean high tide, and against which premises the tide regularly ebbs and flows twice in 24 hours," but denies all the other material allegations of the bill. For an affirmative defense the answer alleges that on February 20, 1897, appellant, as one of the owners of blocks K and L in the town of Juneau, Alaska, joined in a deed of conveyance to the People's Wharf Company of "all littoral and appurtenant rights by them owned, or any littoral or appurtenant rights that might thereafter exist, in and to the shore of Gastineaux Channel between ordinary line of high tide and deep water

---

in the town of Juneau, Alaska, except the warehouse and building occupied by the said E. O. Decker and J. M. Decker"; that on April 1, 1898, the premises and rights under said deed were acquired through mesne conveyances by the Pacific Coast Company, a corporation, in good faith, for a valuable consideration, and without notice of any claim whatsoever of the appellant or her grantors; that valuable improvements, considerably in excess of $30,000, had been erected on the premises by the Pacific Coast Company and its predecessors in interest, and that the Pacific Coast Company had maintained open, notorious and exclusive possession of the premises ever since such purchase; that appellant and her predecessors in interest ought to be estopped from asserting any right, title, or interest in or to said premises; that appellee is the lessee of the premises, and therefore not the real party in interest; that appellee has not erected said wharf, nor the Union Iron Works, nor any structure upon the said premises, and does not claim the ownership of the same, but merely claims the possession of the same under its lease from the Pacific Coast Company; that the Pacific Coast Steamship Company is not the real party in interest, and there is, therefore, a defect of parties defendant.

Appellant's reply denied the execution or recording of any deed conveying any littoral or appurtenant rights to the shore of Gastineaux Channel by herself and the other parties named in the answer as grantors, denied the corporate existence of the People's Wharf Company and all other material allegations of the answer, and alleged that "on February 20, 1887, the said real property mentioned in the answer was. * * * and up to the 5th day of October, 1898, remained exclusively the property of the United States of America, and was not owned by private persons or subject to private ownership"; that complainant knew nothing of business and had depended on hired counsel, none of whom had, until the past year, informed her of her rights; and that previous to that she had at almost all times since her majority been a housewife.

The case was tried before the court, and upon the evidence taken the court found as facts that the entry of the town site of Juneau was made by the receiver and register of the land office at Sitka, Alaska, on the 13th day of October, 1893; that thereafter, to wit, on the 4th day of September, 1897, a United States patent was duly issued by the President of the United States to Thomas R. Lyons, as trustee, for the use and benefit of the occupants of said town site of Juneau; that blocks K and L were a portion of said Juneau town site, and said blocks or parcels of land abut on the mean high tide land of Gastineaux Channel, an arm of the Pacific Ocean; that on and prior to the 20th day of February, 1897, one E. O. Decker and J. M. Decker were the owners of, in possession of, and entitled to the possession, as against all parties save the United States, in which the legal title then stood, of blocks K and L of the town of Juneau, in the district of Alaska, and while said E. O. Decker and said J. M. Decker were the owners of said blocks, and on the 20th day of February, 1897, said E. O. Decker and J. M. Decker and Lizzie Decker, the then wife of said E. O. Decker, who is the same person as the appellant herein, Elizabeth Decker, did by due and proper deed of conveyance quitclaim and convey to the People's Wharf Company, a corporation, all of their littoral and riparian rights immediately abutting on said blocks K and L, except a small warehouse situate on said tide land, and which is not in controversy in this action, and further by said conveyance quitclaimed by proper conveyance to the said People's Wharf Company all the littoral rights which they or either of them might acquire to the said tide lands of Gastineaux Channel abutting on said blocks K and L, and thereafter by mesne conveyances the Pacific Coast Company, a corporation, acquired all the right, title, and interest of the said People's Wharf Company in and to all the littoral and riparian rights immediately in front of and abutting upon said blocks K and L, and that said Pacific Coast Company was then and had been the owner of and in possession, by its lessee, the Pacific Coast Steamship Company, and entitled to the possession, as against all persons save its lessee and the United States, of all said premises at the time of the commencement of this action; that since the 20th day of February, 1897, and before appellant obtained title by decree of distribution to the said lots, or any portion thereof, the said People's Wharf Company and their successors in interest had erected upon said tide lands

valuable improvements in the shape of shops, stores, wharves, and docks, at a great expense, aggregating the approximate sum of $18,000; that all of such properties, except the warehouse, and all of the littoral and riparian rights and tide lands in controversy, had been in the actual, notorious, and exclusive possession of the Pacific Coast Company and its grantors since the 20th day of February, 1897; that the appellee, the Pacific Coast Steamship Company, was the lessee of the Pacific Coast Company, and was not the real party in interest, and had not erected any wharves or any structures upon said premises, and did not claim the ownership of the same, but merely claimed the possession of the same under its lease from the Pacific Coast Company. Upon these findings the court dismissed the bill.

E. M. Barnes, for appellant.

Shackleford & Lyons (Geo. W. Towle, of counsel), for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). In the recent case of Columbia Canning Company v. Hampton, 161 Fed. 64, this court had occasion to consider the claim of right asserted by the locator of land in Alaska which bordered on navigable or tidal waters to occupy the shore between high tide and low tide abutting upon his upland location as a basis for the purpose of carrying on the fishing business in connection with a fish trap extending out into the navigable waters of Lynn Canal. The court held that the littoral right attached to plaintiff's homestead location entitled him to free access to the navigable waters of Lynn Canal, but not to build upon the shore or erect any structure reaching out into deep water, so as to obstruct navigation. In support of this rule the court cited Gould on Waters (3d Ed.) par. 149, Hardin v. Jordan, 140 U. S. 371, 11 Sup. Ct. 808, 35 L. Ed. 428, and Shively v. Bowlby, 152 U. S. 1, 58, 14 Sup. Ct. 548, 38 L. Ed. 331, and said:

"It follows, from these authorities, that while the owner or locator of lands in Alaska which border upon navigable or tidal waters has, under the general law, the right of access to such waters for the purpose of navigation, he can acquire no right or title to the soil below high-water mark, and he can have, therefore, no right of possession upon which he can base an action against an intruder whom he charges with interfering with and obstructing him in the erection and use of a structure upon the shore below such high-water mark."

The court said further:

"He may have, however, a right of action against an intruder who places obstacles on the shore that prevent him from having access to the navigable waters."

This is the general rule, and is designed to keep navigable waters free and open to the public for commerce and navigation, and at the same time permit the littoral owner and those engaged in commerce and navigation to have access to navigable waters; but it cannot be ascertained from the allegations of the complaint in this case, nor does it appear in evidence, in what manner the maintenance of the buildings and wharf by the appellee in front of appellant's premises prevents her from having access to the navigable waters of Gastineaux Channel. The presumption is that such access would be facilitated, rather than obstructed, by the maintenance of a wharf and other suit-

able structures for the accommodation of the public in the discharge and shipment of passengers and merchandise arriving and departing by water at the port of Juneau.

But, however that may be, there is a more serious objection to appellant's cause of action. In the deed of February 20, 1897, introduced in evidence by the appellee, E. O. Decker and J. M. Decker and the appellant, the then wife of E. O. Decker, conveyed, not only the then rights of the grantors, but also all the right, title, and interest and estate, legal and equitable, to the shore of Gastineaux Channel, which they then or might thereafter possess, by virtue of any law of the United States or otherwise, by reason of their ownership of blocks K and L in the town of Juneau, and further granted the right to wharf out from the said premises southwesterly to deep water and maintain wharves and warehouses thereon for the benefit of trade and commerce, and to own, possess, and occupy the same forever by itself and its successors and assigns.

It is contended by the appellant that the evidence relating to this deed was incompetent, and should have been excluded, on the ground that Congress alone had the power to make grants below high-water mark in the territory of Alaska, and for the further reason that the rights of the littoral owner cannot be detached from the soil out of which they arise or to which they are incident, and therefore cannot be transferred without an actual conveyance of the soil itself. In the case of McCloskey v. Pacific Coast Company (C. C. A.) 160 Fed. 794, the owner of a lot in the town of Juneau had brought a suit in equity to enjoin the defendant from erecting a structure on tide lands in front of property belonging to the plaintiff fronting on Gastineaux Channel, alleging that as a littoral owner of lands abutting on the shore plaintiff was entitled to free access to and from the navigable waters fronting thereon. The defendant in his answer denied that plaintiff was a littoral owner of the seashore and alleged facts to show that by the dedication and grant of a sidewalk and street in front of its land the plaintiff had parted with all of its littoral rights. The court below held that plaintiff possessed the littoral right of access to the water in front of its land and on that ground awarded an injunction. This court, upon the evidence of the dedication and a grant by deed of the strip of land for a sidewalk and street along the water front of plaintiff's premises, held that the plaintiff had by dedication and deed parted with all its littoral rights, although the order granting a preliminary injunction was affirmed on a right of possession established under Act May 17, 1884, c. 53, 23 Stat. 24, 26.

If the littoral owner can dedicate or convey to the public his right of access to the navigable waters in front of his premises, he can convey that right to an individual or to a corporation for the purpose of enabling such individual or corporation to erect and maintain a wharf for the benefit of commerce and navigation. The law of that case is applicable here, and we are of opinion that, whatever appellant's rights may have been as the owner of land abutting on navigable waters, she parted with such rights in the deed of February 20, 1897, that the appellee's lessor has succeeded to such rights, and the appel-

164 F.—62

lant cannot, upon the facts in the case, maintain this action to abate the wharf and buildings occupied by the appellee as a nuisance.

The judgment of the District Court is affirmed.